IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE R. PADILLA and
NATANEAL RIVERA,

                                                                         ORDER

                  Plaintiffs,

                                                                     11-cv-89-bbc

      v.

GREGORY GRAMS, Warden,
KURT SCHWEBKE, JERRY MAIER,
DARCI BURRESON, JENNIFER NICKERS,
STEVE HELGERSON, DALIA SULIENE, Dr.,
JANE DOES 1-12 and JOHN DOES 1-12,

                  Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       Plaintiffs Jose Padilla and Nataneal Rivera are prisoners in the Wisconsin Department of Corrections. They filed a joint complaint in which they contend that defendants, who are employed in various positions at the Columbia Correctional Institution, violated plaintiffs' constitutional rights while they were incarcerated there. Both plaintiffs have made an initial partial filing fee in accordance with 28 U.S.C. § 1915(b)(1). Boriboune v. Berge, 391 F.3d 852, 855 (7th Cir. 2004) (each prisoner in multiple plaintiff action must pay separate filing fee).

1

On May 3, 2011, I dismissed plaintiffs' complaint for failure to comply with the Federal Rules of Civil Procedure. In particular, plaintiffs' complaint did not comply with Fed. R. Civ. P. 8 because it did not provide enough facts about how each of the named defendants violated plaintiffs' rights. In addition, the complaint did not comply with Fed. R. Civ. P. 20 because the complaint asserted unrelated claims against unrelated defendants. I dismissed the complaint and gave plaintiffs an opportunity to file an amended complaint complying with the rules. In addition, I told plaintiffs to consider whether their individual claims should proceed together in the same lawsuit or whether they should be severed into two separate lawsuits.

Plaintiff Padilla has filed a proposed amended complaint in which he lists only himself as a plaintiff, changes some of the defendants, alleges facts related only to his personal experiences in prison and states that he wishes to proceed separately from defendant Rivera. Dkt. #17. Padilla also filed a motion for appointment of counsel. Dkt. #16. Plaintiff Rivera has not filed a proposed amended complaint. However, he filed a motion for an extension of time in which to file an amended complaint and a request for leave to file his complaint in Spanish. Dkt. #18.

After considering plaintiff Padilla's proposed amended complaint, I conclude that this case must be severed into two separate cases. Under Fed. R. Civ. P. 20(a)(1), "[p]ersons may join in one action as plaintiffs if . . . they assert any right to relief jointly, severally, or in the

2

alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and . . . any question of law or fact common to all plaintiffs will arise in the action." Even when plaintiffs meet these two elements, "district courts have the discretion to refuse joinder in the interest of avoiding prejudice and delay, ensuring judicial economy, or safeguarding principles of fundamental fairness." <u>Acevedo v. Allsup's Convenience Stores, Inc.</u>, 600 F.3d 516, 521 (5th Cir. 2010) (citations omitted).

Under the circumstances, severance is appropriate because plaintiff Padilla is not asserting a right to relief jointly with plaintiff Rivera and the allegations in Padilla's amended complaint are not related to Rivera at all. Moreover, Padilla does not wish to proceed in the same case with Rivera. Thus, I will sever Padilla's claims into case number 11-cv-425-bbc. I will screen his proposed amended complaint and consider the motion for appointment of counsel in a separate order.

As for plaintiff Rivera, I will deny his request to file his complaint in Spanish. At this time, the court does not have an official interpreter available to translate civil complaints from Spanish into English. In addition, although Rivera says that his reading and writing skills are not very good, his filings in the case so far have been comprehensible. If it turns out that plaintiff is granted leave to proceed on his claims but is unable to litigate them because of a language barrier, I will consider whether there are options available to help him.

I will grant plaintiff Rivera's motion for extension of time in which to file an amended

3

complaint. He may have until June 28, 2011 in which to file an amended complaint under this case number (11-cv-89-bbc) that complies with Fed. R. Civ. P. 8 and 20. It may help Rivera in the drafting process to treat his amended complaint as if he were telling a story to people who know nothing about his situation. Someone reading the complaint should be able to answer the following questions:

- What are the facts that form the basis for plaintiff's claims?
- What did each defendant do that makes him or her liable for violating plaintiff's rights?
- How was plaintiff injured by a particular defendant's conduct?

If plaintiff follows these guidelines, he should be able to submit a version of his complaint that places each defendant on notice for his or her wrongdoing.

ORDER

IT IS ORDERED that

1. This case is SEVERED in accordance with Fed. R. Civ. P. 20. Plaintiff Natanael Rivera's claims that defendants violated his constitutional rights shall proceed as case number 11-cv-89-bbc.

2. The clerk of court is directed to open case number 11-cv-425-bbc for plaintiff Jose Padilla's claims against defendants Dr. Gary Maier, Dalia Suliene, Kurt Schwebke, Janet

4

Nickel and C.O. Bittleman.

    3. Plaintiff Rivera's motion for leave to file an amended complaint in Spanish, dkt. #18, is DENIED. His motion for an extension of time in which to file an amended complaint, dkt. #18, is GRANTED. Rivera may have until June 28, 2011 in which to file an amended complaint. If he does not file an amended complaint by that date, the clerk of court shall close this case.

    Entered this 14th day of June, 2011.

                                BY THE COURT:
                                /s/
                                BARBARA B. CRABB
                                District Judge