IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOSE R. PADILLA,

                                                 ORDER

                Plaintiff,

                                                 11-cv-425-bbc

     v.

DR. DALIA SULIENE,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Judgment was entered in this case on May 29, 2012 granting defendant Dalia Suliene's motion for summary judgment and closing this case. Now plaintiff has filed a notice of appeal. Because plaintiff has not paid the $455 filing fee for filing an appeal, I will construe his notice of appeal as a request to proceed in forma pauperis on appeal.

I note that plaintiff's appeal may be untimely. However, only the court of appeals may determine whether it has jurisdiction to entertain an appeal. Hyche v. Christensen, 170 F.3d 769, 770 (7th Cir. 1999). The district court's role with respect to an appeal is limited. A district court has authority to deny a request for leave to proceed in forma pauperis under 28 U.S.C. § 1915 for one or more of the following reasons: the litigant wishing to take an appeal has not established indigence; the appeal is in bad faith; or if the litigant is a prisoner and has three strikes. § 1915(a)(1),(3) and (g). Sperow v. Melvin, 153 F.3d 780, 781 (7th Cir 1998). In this case, plaintiff does not have three strikes and I do not intend to certify

1

that plaintiff's appeal is not taken in good faith.

The only other hurdle to plaintiff's proceeding with his appeal in forma pauperis is the requirement that plaintiff make an initial partial payment of the filing fee that has been calculated from a certified copy of his trust fund account statement for the six-month period immediately preceding the filing of his notice of appeal. 28 U.S.C. § 1915(a)(2). Plaintiff has not submitted the necessary trust fund account statement. Until he does so, I cannot determine whether he is indigent and, if he is, the amount of his initial partial payment.

Accordingly, IT IS ORDERED that plaintiff Jose Padilla may have until August 16, 2012, in which to submit a certified copy of his trust fund account statement for the six-month period from approximately January 20, 2012 to approximately July 20, 2012. If, by August 16, 2012, plaintiff fails to submit the required trust account statement or show cause for his failure to do so, then I will deny his request for leave to proceed in forma pauperis on the ground that he has failed to show that he is entitled to indigent status on appeal.

Entered this 26th day of July, 2012.

BY THE COURT:
/s/
BARBARA B. CRABB
District Judge